IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

```
800 MARKETING SOLUTIONS, INC.,     *

        Plaintiff,                 *

vs.                                *
                                          CASE NO. 3:06-CV-38(CDL)
GMAC DIRECT INSURANCE COMPANY;     *
GMAC INSURANCE COMPANY ONLINE,
INC.; GMAC INSURANCE MARKETING,    *
INC.; GMAC INSURANCE MANAGEMENT
CORPORATION; GMAC INSURANCE        *
HOLDINGS, INC., collectively
d/b/a GMAC INSURANCE,              *

        Defendants.                *
```

O R D E R

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 2) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). The court may only grant a Rule 12(b)(6) motion if it is "demonstrated 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

Upon review of Plaintiff's Complaint and statements of Plaintiff's counsel,[1] the Court finds that Defendant has not carried its burden on its Motion to Dismiss Plaintiff's Complaint in its entirety.  With respect to Count V, however, alleging negligent interference with current and prospective business relations, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.  This particular cause of action has not been recognized by a single Georgia court.  In fact, the state courts have flatly refused to recognize a negligence-based claim for the related tort of <u>contractual</u> interference.  *See Union Camp Corp. v. Southern Bulk Industries, Inc.*, 193 Ga. App. 90, 91, 386 S.E.2d 866, 867 (1989) ("'A party to a contract who is injured by reason of the failure of the other party to comply with its terms can not recover damages for the negligent act of a third person by which the performance of the contract was rendered impossible.'" (internal citation omitted)), *aff'd*, 259 Ga. 828, 388 S.E.2d 524 (1990).  There is no reason for this Court to recognize a state law cause of action where the Georgia courts have not.  Therefore, since "no set of facts . . . would entitle [800 Marketing] to relief" on this unacknowledged

---

[1] The Court held a hearing for the purpose of clarifying any "lingering uncertainty" regarding 800 Marketing's allegations. *See Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000) ("[W]e may use [Plaintiff]'s brief to clarify allegations in [the] complaint whose meaning is unclear.").

cause of action, *see Conley*, 355 U.S. at 46-7, 78 S. Ct. at 102, the claim for negligent interference is hereby dismissed.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 2) is granted with respect to Count V, Negligent Interference with Current and Prospective Business Relations.  With regard to the remaining counts, however, the motion is denied.

IT IS SO ORDERED, this 6th day of November, 2006.

                                                      S/Clay D. Land
                                                        CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE